IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

SANDRELL HORN,                )
                              )
      Plaintiff,              )
                              )      CIVIL ACTION NO.
      v.                      )       3:09cv624-MHT
                              )
RUSSELL COUNTY BOARD OF       )
EDUCATION, et al.,            )
                              )
      Defendants.             )

ORDER

It is ORDERED that the motions to dismiss (Doc. Nos. 89 & 90) are set for submission, without oral argument, on October 22, 2010, with all briefs due by said date.

NOTICE TO COUNSEL FOR PLAINTIFF

Although plaintiff's "complaint is a model 'shotgun' pleading of the sort [the Eleventh Circuit of Appeals] has been roundly, repeatedly, and consistently condemning for years," Davis v. Coca-Cola Bottling Co., Consolidated, 516 F.3d 955, 979 (11th Cir. 2008), and

despite repeated efforts by this court to get counsel for plaintiff to reduce and narrow her numerous claims, it appears that counsel for plaintiff still intends to pursue such a pleading. Plaintiff's counsel is therefore informed that, at the end of this litigation, the court, either sua sponte or at the request of defendants, will entertain sanctions (including attorney's fees incurred by counsel for defendants), pursuant to Rule 11 of the Federal Rules of Civil Procedure or some other appropriate basis, to be imposed against <u>counsel</u> for plaintiff to the extent such sanctions are warranted as a result of the plaintiff's pursuit of a shotgun pleading, rather than narrowing her complaint to the significant claims that are really at issue. See <u>Bailey v. Janssen Pharmaceutica, Inc.</u>, 288 Fed. Appx. 597, 603 (11th Cir. 2008) ("if a party fails to heed the court's direction to revise a shotgun complaint, under some circumstances a dismissal <u>and sanctions</u> might be appropriate") (emphasis added).

2

As the Eleventh Circuit has explained, "The unacceptable consequences of shotgun pleading are many." Davis, 516 F.3d at 981. "First, and perhaps foremost, shotgun pleading inexorably broadens the scope of discovery, much of which may be unnecessary." Id. As the Eleventh Circuit has observed,

> "Litigating a case framed by shotgun pleadings obviously harms one or both of the parties. Why, then, would a lawyer engage in shotgun pleading? Plaintiffs file shotgun complaints and include frivolous claims to extort the settlement of a meritorious claim; worse yet, they file shotgun complaints to extort the settlement of unmeritorious claims. ... Extortion cuts both ways. Depending on his financial resources, a defendant may use a shotgun answer to obtain a settlement that waters down a meritorious claim. In either situation, the extorted settlement provides a financial benefit to the 'prevailing' party and a windfall in the form of fees for the 'prevailing' lawyer."

Byrne v. Nezhat, 261 F.3d 1075, 1130 (11th Cir. 2001) (footnotes omitted).

"Second, in addition to delaying a just disposition of the case at the undue expense of one or both of the

3

parties, shotgun pleadings ... lessen the time and resources the court has available to reach and dispose of the cases and the litigants waiting to be heard." <u>Davis</u>, 516 F.3d at 982. As the Eleventh Circuit has further explained,

> "Shotgun pleadings delay cases by: 'Wasting scarce judicial and parajudicial resources imped[ing] the due administration of justice, and, in a very real sense, amount to obstruction of justice. Although obstruction of justice is typically discussed in the context of criminal contempt, the concept informs the rules of law-both substantive and procedural-that have been devised to protect the courts and litigants (and therefore the public) from abusive litigation tactics, like shotgun pleadings. If use of an abusive tactic is deliberate and actually impedes the orderly litigation of the case, to wit: obstructs justice, the perpetrator could be cited for criminal contempt.'"

<u>Davis</u>, 516 F.3d at 982 n.66 (quoting <u>Byrne</u>, 261 F.3d at 1131-32) (alteration, quotation, and citation omitted)).

Finally, "the mischief shotgun pleadings cause[] undermines the public's respect for the courts--the

ability of courts to process efficiently, economically,

and fairly the business placed before them." Id. at 983.

DONE, this the 8th day of October, 2010.

_____/s/ Myron H. Thompson_____
UNITED STATES DISTRICT JUDGE